IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMIE MCKEEL,                        :
    Plaintiff,
                                        :
vs.                                  CIVIL ACTION 12-0079-CG-M
                                        :
HODUM TRUCKING LLC, et al.,
                                        :
    Defendants.

REPORT AND RECOMMENDATION

    The Motion to Remand filed by Plaintiff (Doc. 8) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that Plaintiff's motion be denied.

    The facts are as follows.  On or about June 15, 2011 Plaintiff filed a lawsuit in the Circuit Court of Mobile County, Alabama ("state court") wherein Plaintiff alleges that Defendant Jeffrey Lee as an agent, servant, and/or employee of Defendant Hodum Trucking, LLC, negligently and/or wantonly rear-ended Plaintiff's car, causing severe and permanent injuries (Doc. 1-1, p. 5).  On or about July 20, 2011, Defendants filed their Answer (Doc. 1-1, pp. 19-36).  Additionally, Defendants

1

propounded discovery upon Plaintiff, and Plaintiff responded to the discovery (Doc. 1-1, pp. 41-42, 48-61).

Prior to and during the course of litigation, the parties sought to settle this case (*see* Docs. 1-1, 1-2, 1-3).  On November 12, 2011, Plaintiff made a pre-suit demand in the total amount of $67,204.89 to Defendants' insurance company (Doc. 1-3). Subsequently, an offer of $2,500.00 was made to Plaintiff by the insurance company (Docs. 8-2, 8-3).  However, this amount was not accepted and Plaintiff filed this lawsuit in state court (*see* Doc. 1-1).  Subsequently, on or about January 13, 2012, Plaintiff issued a demand letter at the request of Defendants in the total amount of $232,653.58 (Doc. 1-2).  The January 13, 2012 Plaintiff's demand was broken down as follows: $10,908.35 for out of pocket costs to Plaintiff; $11.745.23 for past total medical costs as of January 13, 2012; $20,000.00 for future medical cost; $10,000.00 for lost wages; $50,000.00 for past pain and suffering; $125,000.00 for future pain and suffering; and $25,000.00 for loss of consortium (Doc. 1-2, pp. 1-2). Also, the demand letter included a note, separate from the future medical cost total, that stated the Plaintiff would need to receive epidurals every three months for the rest of her life, as well as undergoing surgery in a few years, according to her doctor (Doc. 1-2, p. 1).  On February 1, 2012, Defendants filed an Offer of Judgment in the amount of $25,000.00 (Doc. 1-

2

1, pp. 77-78).  On February 7, 2012, Plaintiff responded to Defendant's offer, and made a lower demand in the amount of $160,000.00 (Doc. 1-4).

On February 10, 2012 Defendants filed a Notice of Removal and attached the entire state court file, Plaintiff's pre-suit demand, Plaintiff's January 13, 2012 demand, Plaintiff's February 7, 2012 demand, and the state court civil cover sheet (Docs. 1, 1-1, 1-2, 1-3, 1-4, 1-5).  Defendants also filed an Answer in Federal court on February 10, 2012 (Doc. 4).  On March 12, 2012, Plaintiff filed a Motion to Remand wherein Plaintiff argues that the amount in controversy has not exceeded $75,000.00 since any demand over that amount was mere puffery, the demand was made confidentially and should not have been used by Defendants as "other paper", and Defendants are not allowed to remove since they availed themselves of state court jurisdiction by filing an Offer or Judgment[1] (Doc. 8).  On April 2, 2012, Defendants filed a Response arguing that by filing the

---

[1] Plaintiffs rely on and cite to *Said v. Virginia Com. Univ./Medical College*, 130 F.R.D. 60, 64 (E.D. Va. 1990) for the idea that by filing an Offer of Judgment they have litigated the case on the merits in state court. However, the *Said* case involved a situation where the court was considering whether, pursuant to specific civil rights statutes, attorney fees are an item of costs under Rule 68.  This case does not discuss whether filing an offer of judgment precludes a party from removing an action to Federal Court. Thus, the Court does not find this argument persuasive and finds that Defendants appropriately filed its Notice of Removal.

Offer of Judgment, they did not waive the right to remove the action to Federal court since the purpose of an Offer of Judgment is to avoid litigation and to settle matters (Doc. 11, p. 7). Second, Defendants argue that merely because the settlement demand was labeled confidential does not prevent the demand from being used as "other paper" to prove the amount in controversy has been met (Doc. 11, pp. 9-11). Third, Defendants explain that the settlement demand with specific set out amounts for damages constitutes "other paper" since it was filed with the Notice of Removal and the demand proves that the amount in controversy exceeds the jurisdictional threshold (Doc. 11, pp. 12-16). On April 9, 2012, Plaintiff filed a Reply (Doc. 12).

It is well established that, "[i]n a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." *Wiltew v. Parker*, 2009 WL 3615041, *2 (S.D. Ala. Oct. 30, 2009)(emphasis added), citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080, 128 S.Ct. 2877 (2008). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Pretka v. Kolter*

4

*City Plaza, II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). A removing defendant need only show that "the amount in controversy *more likely than not* exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(emphasis added). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Renfroe v. Allstate Property and Cas. Ins. Co.*, 2010 WL 4117038, *2 (S.D. Ala., Sept. 23, 2010), quoting *Pretka*, 608 F.3d at 754. However, "the defendant must show that, if the plaintiff prevails on liability, she will more likely than not be awarded over $75,000." *Beasley v. Fred's Inc.*, 2008 WL 899249, *1 (S.D. Ala. Mar. 31, 2008).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a

5

later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213.

Settlement offers "count[ ] for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and cost. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). This Court has held that a settlement demand is actually relevant evidence of the amount in controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009) (citation omitted). In addition, the Eleventh Circuit has now made it clear that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. "[S]ettlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Benandi v. Mediacom Southeast, LLC*, 2011 WL 5077403. *2 (S.D. Ala. Sept. 30, 2011) citing *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998).  Also, "[p]unitive damages must be considered when determining the

jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010), citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

In *Benandi*, plaintiff's counsel filed a motion to remand arguing that the demand letter did not meet the other paper requirement and in turn did not prove that the amount in controversy exceeded $75,000.00 since plaintiff's demand was mere puffing and posturing. 2011 WL 5077403, *1-2. However, the court in *Benandi* found that since plaintiff's demand letter was not a lump-sum demand, described plaintiff's injuries, explained that future surgery was recommended by plaintiff's doctor, and included broken down amounts for past and future medical expenses, the letter "provided a non-speculative basis for quantifying the value of [plaintiff's] claim [and] were more than mere speculations with respect to the amount in controversy". *Id*. at *3, *5.  Additionally, the demand letter sought punitive damages and lost wages which further undercut plaintiff's argument that the letter was mere puffing and posturing. *Id*. at *4.  The court denied the plaintiff's motion to remand since the defendant indeed satisfied its burden of proof in light of the allegations in the complaint in

7

conjunction with the settlement demand and other evidence of record. *Id*. at *5.[2]

However, the right to remove a case to federal court may be waived under two scenarios: "(1) whe[n] the actions taken by the defendant in state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court and (2) whe[n] the removal can be characterized as an appeal from an adverse judgment of the state court." *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999).[3]  The "right of removal is not lost by action in the state court short of proceeding to *an adjudication on the merits*." *Id*. citing *Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989)(emphasis added).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all Plaintiff are diverse from all defendants,

---

[2] This report and recommendation was adopted by District Judge Callie V.S. Granade. *See Benandi v. Mediacom Southeast, LLC*, 2011 WL 5077108 (S.D. Ala. Oct 24, 2011).

[3] The second scenario is not at issue in this action.

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse. What is disputed is whether the matter in controversy exceeds $75,000.  Plaintiff argues that this jurisdictional requirement has not been proven by Defendants (Docs. 8, 12).

Plaintiff's Complaint does not unambiguously establish that the amount in controversy exceeds $75,000 exclusive of interest and costs" (*see* Doc. 1).  Rather, Defendants point to a letter to Defendants' attorney dated January 13, 2012 from the Plaintiff's attorney, which set forth specific amounts of estimated compensatory and punitive damages totaling $232,653.58 (Doc. 1, p. 76).  In removing this action, Defendants assert that this letter satisfies the "other paper" language contemplated by 28 U.S.C. § 1446(b)[4] as this is an "unambiguous" demand of more than the jurisdictional amount (Doc. 1, p. 5; Doc. 17, pp. 4-10).

Plaintiff argues that the Court should reject this demand letter because the figures used were mere puffing and posturing as a negotiation tactic (Doc. 8, pp. 10-12).  However, similar

---

[4]"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b) (emphasis added).

to *Benandi*, Plaintiff's demand letter was not a lump-sum demand, but instead included specific costs for identified past and future damages in the total amount of $232,653.58 (Doc. 1-2). Specifically, Plaintiff requested $10,908.35 from out of pocket costs/amounts owed, $11.745.23 for past total medical costs as of January 13, 2012, $20,000.00 for future medical cost, $10,000.00 lost wages, $50,000.00 for past pain and suffering, $125,000.00 for future pain and suffering, and $25,000.00 for loss of consortium (Doc. 1-2, pp. 1-2). Also, similar to the demand letter in *Benandi* indicating that the plaintiff would need future surgery, Plaintiff's demand in this action noted separately from the numerical future medical cost breakdown that the Plaintiff would need to receive epidurals every three months for the rest of her life, as well as undergoing surgery in a few years according to Plaintiff's doctor (Doc. 1-2, p. 1). Additionally, Plaintiff's demand letter included punitive damages estimates, which is a factor considered by courts determining whether the amount of controversy meets and exceeds the jurisdictional threshold. *Holley Equip. Co.*, 821 F.2d at 1535.  Given that the demand letter was indeed filed at the time of removal (*see* Docs. 1, 1-2), the Court considers it "other paper" to demonstrate that the amount in controversy does indeed satisfy the jurisdictional threshold.  Because the demand letter included specific broken down demand amounts rather than a lump-

10

sum, and stated that Plaintiff would need additional future surgery and care which was separate from the demand amount of future medical costs, the Court finds that these amounts more likely than not exceed the jurisdictional requirement, and that if the Plaintiff prevails on liability, she will more likely than not be awarded $75,000.00.

Additionally, the Court does not find persuasive Plaintiff's argument that Defendants were prevented from filing the Notice of Removal since Plaintiff in effect provided a counter-offer in its February 17, 2012 e-mail (Doc. 1-4). Even without the evidence of the counter-offer[5], no case law has been offered to this Court to demonstrate that an offer of judgment made in state court by a defendant prevents that defendant from removing an action to Federal court. An offer of judgment is a tool to avoid litigation and encourage settlement (Doc. 11, p. 7), and as such the Offer of Judgment filed in this case in state court did not prevent Defendants from removing this action to Federal court. Moreover, the Defendants' right of removal is

---

[5] While Plaintiff argues that the written demands were labeled confidential, Plaintiff fails to cite to any persuasive law demonstrating that settlement demands are not allowed to be used as "other paper" for purposes of removal. In fact, such documents have been considered by Eleventh Circuit courts indeed for the purposes of removal. *See Humphries v. Anderson Trucking Service, Inc.*, 2010 WL 2898317, *3 (S.D. Ala. Jun 29, 2010)(unreported)(citation omitted).

not lost "short of proceeding to an adjudication on the merits" and the *mere filing* of the offer of judgment does not constitute an adjudication on the merits. *See Haynes*, 184 F.R.D. at 416. Since Defendants have not lost their right of removal and they have proved by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, it is recommended that the Motion to Remand be denied.

DONE this 18th day of June, 2012.

>                          s/BERT W. MILLING, JR.
>                          UNITED STATES MAGISTRATE JUDGE


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

   1.   Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

   A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time

of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

    2.   Transcript (applicable where proceedings tape recorded).
     Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.